# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Presentation Products, Inc. dba Spinitar | ) ASBCA No. 61066 |
| | ) |
| Under Contract No. W912CN-15-P-0174 | ) |

APPEARANCE FOR THE APPELLANT: Mr. Drake Wayson
Vice President

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
MAJ Christopher C. Cross, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE O'SULLIVAN

Appellant Presentation Products, Inc. dba Spinitar (Spinitar) seeks an equitable adjustment of $7,624.14 to its contract with the Army to install a video conferencing system at Fort Shafter Flats, Hawaii. This amount represents general excise tax that Spinitar did not include in its proposed price but was required to pay by the State of Hawaii on its revenues under the contract. Spinitar has elected to proceed under Board Rule 12.2.[1] The government opposes Spinitar's claim and asserts the contract does not obligate it to pay state taxes that were not included in the contract price. We agree with the government and deny the appeal.

## FINDINGS OF FACT

1. On 2 June 2015, the Army issued Solicitation No. W912CN-15-T-0187 requesting proposals to install a video conferencing system for the 18th Medical Command Operations Center at Fort Shafter Flats, Hawaii. The solicitation included the Federal Acquisition Regulation (FAR) 52.212-4, CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS (MAY 2015) clause, which states in subsection (k): "*Taxes*. The contract price includes all applicable Federal, State, and local taxes and duties." (Supp. R4, tab 29 at 1, 15)

2. Spinitar submitted its proposal on 2 July 2015 (R4, tab 2 at 1). Its cost proposal contained the following note: "The above prices do not include any

---

[1] Under Rule 12.2, Small Claims (Expedited) Procedure, written decisions issued by the Board will be short and contain only summary findings of fact and legal conclusions. A decision under Rule 12.2 shall have no value as precedent and, in the absence of fraud, shall be final and conclusive and may not be appealed or set aside.

applicable sales taxes. Hawaii's GET [general excise tax] tax reimbursement policy implemented for federal purchases will be utilized." (*Id.* at 21)

3. Contract No. W912CN-15-P-0174 (the contract) was awarded to Spinitar effective 11 September 2015 in the amount of $165,417.31. The contract was firm-fixed-price and incorporated the Commercial Items clause (FAR 52.212-4), including its subsection (k). (R4, tab 1 at 1, 16)

4. On 26 January 2016, Spinitar submitted a change proposal (erroneously dated 26 January 2015) that included the following with respect to Hawaii's GET:

> We have spoken extensively with Hawaii's Sales/GET tax office. Your indication to my prior email that this is not subject to such taxes is based on the "Goods Only" definition. However, we are informed that "Goods and Installation" is subject to the taxes at a rate of 4.5% for Oahu. This is a total tax of **$7,624.14** including the approved Change Proposal 1.
>
> You will recall that we excluded taxes in our proposal so these will need to be added to our contract.

(R4, tab 4 at 67) The prior communications alluded to above are not included in the record.

5. On 9 August 2016, Spinitar submitted a claim for $7,624.14 which stated, in relevant part:

> In the pricing section of the proposal (page 21 of the proposal), Spinitar specifically excluded any applicable sales taxes including GET tax which is a sales tax imposed on goods and services when provided together under a single order.
>
> After numerous conversations with the State of Hawaii, we determined that the GET tax would not be waived or reimbursed for this project.

(R4, tab 4 at 2)

6. On 17 February 2017 the contracting officer issued a final decision denying Spinitar's claim. The final decision stated in relevant part:

2

Per the State of Hawaii's Department of Taxation, GET is a tax on businesses rather than a sales tax on customers. Furthermore, businesses are not required by law to collect GET from their customers. Businesses may choose to visibly pass on the GET to their customers provided that the customer agrees to pay it as part of the sale (Tax Facts 37-1 attached as Exhibit 1).

Under FAR Clause 52.212-4, Contract Terms and Conditions, (k) Taxes, states, "The contract price includes all applicable Federal, State, and local taxes and duties." Solicitation W912CN-15-T-0187, and resultant contract W912CN-15-P-0174, incorporated the FAR clause 52.212-4 by reference. The failure of the contractor to incorporate applicable taxes in the quote is not a valid basis for a claim or equitable adjustment.

(R4, tab 28 at 1)

7. Spinitar appealed the final decision and its appeal was docketed by the Board on 22 February 2017.

8. According to its proposal, Spinitar is an experienced firm that over the last twenty years has supplied and/or built audio-visual and video conferencing systems for numerous government and military facilities (R4, tab 2 at 4-5).

## DISCUSSION

The Hawaii GET is an excise tax imposed on the gross revenues of businesses, including federal government contractors, derived from the privilege of doing business in Hawaii. It is not a sales tax paid by the customer. *See generally* HAW. REV. STAT. ANN. § 237-13 (West 2017). The Board previously decided an appeal involving Hawaii's GET in *All Star/SAB Pacific, J.V.*, ASBCA No. 50856, 98-2 BCA ¶ 29,958, *recon. denied,* 99-1 BCA ¶ 30,214. In that appeal, All Star sought to recover from the federal government the additional GET ($34,097) that it had to pay as a result of increased revenues resulting from a contract wage rate adjustment. The Board denied the appeal, stating:

It is well-settled that under a firm, fixed-price contract, the contractor assumes the risk of all increased costs except as specifically provided for in the contract. Appellant contends that the Wage Rate adjustment clauses provide for reimbursement of the general excise tax levied

3

by the State of Hawaii, and hence the Government should assume the risk of this cost.

> We reject appellant's interpretation as unreasonable. The clauses could not be more clear. They provide that any contract price adjustment for changes in mandated wage rates shall be limited to the changes in the wages, fringe benefits and accompanying changes in social security, unemployment taxes and workmen's compensation insurance and shall not include any additional amounts for G&A, overhead or profit on these costs.... The contract also clearly states that that all Federal, state and local taxes shall be included in a contractor's bid. This state excise tax and any projected increases thereof, should have been included in appellant's bid. [Citations omitted]

*All Star*, 98-2 BCA ¶ 29,958 at 148,234.

In *Robertson & Penn, Inc.*, ASBCA No. 55622, 08-2 BCA ¶ 33,921 at 167,859 (citing *Hunt Construction Corp. v. United States*, 281 F.3d 1369, 1372-73 (Fed. Cir. 2002)), we denied a contractor's claim for $659,257.71 in assessed Tennessee state taxes, holding that the contract to operate laundry facilities at Fort Campbell placed squarely upon the contractor the responsibility to include all applicable taxes in its bid. And in *GarCom, Inc.*, ASBCA No. 55034, 06-1 BCA ¶ 33,146, we denied a claim for $63,578.28 for Arizona state "transaction privilege tax" under a contract for telecommunications work at Yuma Proving Grounds that contained the identical contract clause, FAR 52.212-4, Contract Terms and Conditions—Commercial Items (although an earlier version), as the applicable clause in this appeal.

Spinitar argues for a different result in this case because it expressly noted in its price proposal that it had not included the GET in its price and that "Hawaii's GET tax reimbursement policy implemented for federal purchases will be utilized" (app. br. at 2). While Spinitar has not further elucidated what it meant by this statement, we note that it appeared to be surprised to learn from its conversations with the Hawaii Department of Taxation that the GET exemption for goods sold to the federal government would not apply to its installation contract (finding 4). From this, we infer that Spinitar, in its price proposal, was stating that no GET was included because it expected the transaction to be exempt from GET. Regardless, Spinitar did nothing more in its proposal than state it had not included GET in its price and why.

4

This statement did nothing to alter the contract's allocation of the risk of state tax cost to the contractor.[2] The government is not liable for Spinitar's mistake.

## CONCLUSION

The contract placed the burden on the contractor to include all applicable taxes in its price. The appeal is denied.

Dated: 12 June 2017

LYNDA T. O'SULLIVAN
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61066, Appeal of Presentation Products, Inc. dba Spinitar, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

---

[2] Spinitar avers that its proposal was incorporated by reference into the resulting contract (app. br. at 2). We disagree (the cited contract page merely reproduces Spinitar's Engineered Materials List). But even if its proposal had been incorporated by reference, it would not change the contract's allocation of risk on state taxes.

5